1  XAVIER BECERRA
   Attorney General of California
2  NICKLAS A. AKERS
   Senior Assistant Attorney General
3  JUDITH A. FIORENTINI (CA Bar No. 201747)
   Supervising Deputy Attorney General
4  JON F. WORM (CA Bar No. 248260)
   LAUREL M. CARNES (CA Bar No. 285690)
5  Deputy Attorneys General
   600 West Broadway, Suite 1800
6  San Diego, CA 92101
   Telephone: (619) 738-9325
7  Email: judith.fiorentini@doj.ca.gov
   Email: jon.worm@doj.ca.gov
8  Email: laurel.carnes@doj.ca.gov

9  *Attorneys for Plaintiff the People of the State of California*

10

11                    IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15 PEOPLE OF THE STATE OF CALIFORNIA, | |
| 16 | CASE NO. 3:19-CV-00151 |
| 17 Plaintiff, | |
| 18 v. | FIRST CALIFORNIA PARTIAL CONSENT DECREE |
| 19 FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, V.M. MOTORI S.p.A., and V.M. NORTH AMERICA, INC., | |
| 22 Defendants. | |

24

25        **WHEREAS**, Plaintiff the People of the State of California (the "State of California"),

26  acting by and through Xavier Becerra, Attorney General of the State of California ("the California

27  Attorney General," as specifically defined below), and the California Air Resources Board

28  ("CARB," as specifically defined below) (collectively "California") filed a complaint (the

                                          1

"California Complaint") in this action on January 9, 2019, against Fiat Chrysler Automobiles

N.V., FCA US LLC, V.M. Motori S.p.A, and V.M. North America, Inc. (collectively,

"Defendants," as defined specifically below), alleging in relevant part that, in connection with the

certification, marketing, distribution, and sale in California of approximately 14,000 model year

("MY") 2014 to 2016 Ram 1500 and MY 2014 to 2016 Jeep Grand Cherokee vehicles equipped

with 3.0 liter EcoDiesel engines (the "Subject Vehicles," as specifically defined below),

Defendants violated 42 U.S.C. § 7604(a)(1); California Health and Safety Code §§ 43016, 43151,

43152, 43153, 43154, 43205, 43211, and 43212; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and

2037 and the 40 C.F.R. sections incorporated therein by reference; and California Business and

Professions Code §§ 17200 et seq., 17500 et seq., and 17580.5 (the "California Claims");

**WHEREAS**, the California Complaint alleges, in relevant part, that each Subject Vehicle

contains, as part of the electronic control module, certain software functions and calibrations that

cause the emission control system of those vehicles to perform differently (i.e., to underperform

or shut off) during normal vehicle operation and use, as compared to during emissions testing.

The California Complaint alleges that these software functions and calibrations are undisclosed

Auxiliary Emission Control Devices ("AECDs") in violation of California and federal law, and

that they are also prohibited defeat devices under California and federal law.  The California

Complaint also alleges that during normal vehicle operation and use, the Subject Vehicles emit

increased levels of oxides of nitrogen ("NOx").  The California Complaint seeks, among other

things, civil penalties, injunctive relief, mitigation, costs and other equitable relief related to the

presence of the defeat devices in the Subject Vehicles;

**WHEREAS**, Defendants and California (together, the "Parties") intend to resolve certain

aspects of the California Claims through the entry of a consent decree among the United States,

California, and the Defendants (the "FCA/US/CA Consent Decree") concerning the Subject

Vehicles, lodged on January 10, 2019, that, among other things, establishes a recall program

offering consumers an approved emissions modification to be applied to the Subject Vehicles,

establishes a post-entry testing program to ensure continued compliance and durability of

modified Subject Vehicles, requires Defendants to implement certain corporate compliance

2

reforms, and requires Defendants to make a civil penalty payment of $42,700,000 to CARB and a separate penalty payment of $3,175,200 to CARB for certain additional on-board diagnostic ("OBD") non-compliances;

**WHEREAS**, Defendants and California have agreed to resolve certain remaining aspects of the California Claims related to the Subject Vehicles without the need for litigation through this partial consent decree ("First California Partial Consent Decree");

**WHEREAS,** this First California Partial Consent Decree (referred to herein as the "Consent Decree") provides relief to California in the form of environmental mitigation funds that are intended to fully mitigate the total lifetime excess NOx emissions from Subject Vehicles in California, as claimed by California;

**WHEREAS,** nothing in this Consent Decree shall constitute an admission of any fact or law by any Party, including as to any factual or legal assertion set forth in the California Complaint, except for the purpose of enforcing the terms or conditions set forth herein;

**WHEREAS**, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties regarding certain aspects of the California Claims, and that this Consent Decree is fair, reasonable, and in the public interest; and

**WHEREAS**, this Consent Decree and the FCA/US/CA Consent Decree together form an integrated resolution of certain aspects of the California Claims, and that, as set forth herein, this Consent Decree will not become effective unless and until the FCA/US/CA Consent Decree is entered or the Court grants a motion entering the FCA/US/CA Consent Decree.

**NOW, THEREFORE**, before the taking of any testimony, without the adjudication of any issue of fact or law, and with the consent of the Parties, **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** as follows:

## I.       JURISDICTION AND VENUE

1.       The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and over the Parties to the extent limited by this paragraph.  Venue lies in this District pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1407, and the MDL Panel's Transfer Order,

dated April 5, 2017. *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Prod. Liab. Litig.*, 273 F. Supp. 3d 1377 (U.S. Jud. Pan. Mult. Lit. 2017) (MDL No. 2777). The Court has supplemental jurisdiction over California's state law claims pursuant to 28 U.S.C. § 1367. Defendants consent to the Court's jurisdiction over entry of this Consent Decree and over any action against Defendants to enforce this Consent Decree, and consent to venue in this judicial district for such purposes. Defendants reserve the right to challenge and oppose any claims to jurisdiction by California that (i) do not arise from the Court's jurisdiction over this Consent Decree or (ii) are not made in an action by California to enforce this Consent Decree.

2. Solely for purposes of this Consent Decree, without admission of any legal or factual assertion set forth in the California Complaint, and without prejudice to their ability to contest the legal sufficiency or merits of a complaint in any other proceeding, Defendants do not contest that the California Complaint states claims upon which relief may be granted pursuant to: 42 U.S.C. § 7604(a)(1); California Health and Safety Code §§ 43016, 43151, 43152, 43153, 43154, 43205, 43211, and 43212; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037, and the 40 C.F.R. sections incorporated therein by reference; and California Business and Professions Code §§ 17200 et seq., 17500 et seq., and 17580.5.

## II.    APPLICABILITY

3. The obligations of this Consent Decree apply to and are binding upon the State of California, including the California Air Resources Board, and upon Defendants, as applicable, and any of their respective successors, assigns, or other entities or persons otherwise bound by law.

4. Defendants' obligations to comply with the requirements of this Consent Decree are joint and several. In the event of the insolvency of any Defendant or the failure by any Defendant to implement any requirement of this Consent Decree, the remaining Defendants shall complete all such requirements.

5. Defendants shall do all things within their power and authority to ensure that any legal successor or assign of any Defendant shall remain jointly and severally liable for the payment and other performance obligations hereunder. Defendants shall include an agreement to

4

so remain liable in the terms of any sale, acquisition, merger, or other transaction changing the ownership or control of any of the Defendants, to which any of them is a party, and no change in the ownership or control of any Defendant shall affect the obligations hereunder of any Defendant without modification of this Consent Decree in accordance with Section XI.

6. In any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of their respective officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

### III.    DEFINITIONS

7. Terms that are defined in this Consent Decree are defined for purposes of this Consent Decree only and are not applicable for any other purpose. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a. "California" means the People of the State of California, acting by and through Xavier Becerra, Attorney General of the State of California, and the California Air Resources Board;

b. "California Complaint" means the complaint filed by California in this action;

c. "CARB" means the California Air Resources Board and any of its successor departments or agencies;

d. "Consent Decree" or "First California Partial Consent Decree" means this partial consent decree;

e. "Day" or "day" means a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

f. "Defendants" means FCA US LLC, Fiat Chrysler Automobiles N.V., V.M. Motori S.P.A., and V.M. North America, Inc.;

g. "DPF System" means all hardware, components, parts, sensors, subassemblies, software, AECDs, calibrations, and other elements of design that collectively

5

constitute the system for controlling emissions of particulate matter by trapping such particulates in a filter and periodically oxidizing them through thermal regeneration of the filter;

        h.     "Effective Date" has the meaning set forth in Section VII below;

        i.     "Original Configuration" means the configuration of software and calibrations in the ECU and TCU of the Subject Vehicles that will be updated and replaced by Final Carryback Configuration in accordance with the terms of the Consent Decree;

        j.     "Subject Vehicles" means each and every MY 2014 to 2016 Jeep Grand Cherokee and Ram 1500 equipped with a 3.0 liter EcoDiesel engine and sold or offered for sale, or introduced or delivered for introduction into commerce, or registered in the United States or its Territories, or imported into the United States or its Territories, and that was identified by Defendants as covered by one of the following test groups: ECRXT03.05PV, FCRXT03.05PV, or GCRXT03.05PV.

### IV.    CALIFORNIA MITIGATION PAYMENT

8.    **California Mitigation Payment**. Within 30 days of the Effective Date (as described in Section VII below), or 30 days of the entry of this Consent Decree, whichever comes later, Defendants shall pay directly to CARB the sum of $19,035,000 to be used to fund mitigation actions or projects that reduce NOx emissions in California. These funds, as well as all funds paid to CARB in the FCA/US/CA Consent Decree, shall be deposited into the Air Pollution Control Fund to ensure that CARB staff can continue the integrity of its mobile source emissions control program through additional certification review, in-use evaluation, real-world testing, and enforcement actions.

9.    **Stipulated Penalties for Late California Mitigation Payment**. If Defendants fail to pay the California Mitigation Payment required under Paragraph 8 when due, then Defendants shall, in addition to the California Mitigation Payment, pay stipulated penalties directly to CARB as follows:

| Penalty Per Day | Period of Noncompliance |
| --- | --- |
| $20,000 | 1st through 30th day |
| $40,000 | 31st through 45th day |
| $80,000 | 46th day and beyond. |

6

1    10.    Payments required to be made under this Consent Decree shall be issued to

2 CARB by check, accompanied by a Payment Transmittal Form (which CARB will provide to the

3 addressee listed in Section VI (Notices) after the Effective Date), mailed to:

4        Air Resources Board, Accounting Branch
         P.O. Box 1436
5        Sacramento, CA 95812-1436;

6 or by wire transfer, in which case Defendants shall use the following wire transfer information

7 and send the Payment Transmittal Form to the above address prior to each wire transfer:

8        State of California Air Resources Board
         c/o Bank of America, Inter Branch to 0148
9        Routing No. 0260-0959-3  Account No. 01482-80005
         Notice of Transfer: Yogeeta Sharma  Fax: (916) 322-9612
10

11 Defendants are responsible for any bank charges incurred for processing wire transfers.

12    11.    For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the

13 Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), performance of Paragraphs 8-10 (California

14 Mitigation Payment) is required to come into compliance with law.

15              **V.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS**

16    12.    Upon the Effective Date, and subject to the reservations in Paragraph 13,

17 Defendants' satisfaction of the requirements in this Consent Decree shall resolve, settle, and

18 release California's claims, asserted by and through CARB, pursuant to the California Health and

19 Safety Code for further injunctive relief to fully mitigate the total lifetime excess emissions in

20 California from the Subject Vehicles against Defendants, their successors, and all affiliates,

21 parents, or subsidiaries of Defendants identified in Appendix F of the FCA/US/CA Consent

22 Decree ("Appendix F"), and any present or former directors, officers, or employees of Defendants

23 or their affiliates, parents, or subsidiaries identified in Appendix F, provided that such persons

24 were acting within the scope of their employment, for: (a) the violations alleged in the California

25 Complaint, (b) violations arising from or relating to the Original Configuration of the emission

26 control system for the Subject Vehicles, (c) violations arising from or relating to the adjustment

27 factor for infrequent regeneration of the DPF System in the Subject Vehicles, and (d) violations

28

7

arising from or relating to Defendants' applications for an Executive Order for the Subject Vehicles in MYs 2014 to 2016 and any information provided to CARB for the purpose of securing such Executive Orders.

13.     To the extent that any claims released herein are duplicative of claims to be released, settled, or resolved by California under the FCA/US/CA Consent Decree, such claims are not released unless or until the Court enters or grants a motion to enter the FCA/US/CA Consent Decree.

14.     California reserves, and this Consent Decree is without prejudice to, all claims, rights, and remedies against Defendants with respect to all matters not expressly resolved in Paragraph 12.  Notwithstanding any other provision of this Decree, California reserves all claims, rights, and remedies against Defendants with respect to:

    a.     Enforcement of the terms of this Consent Decree;

    b.     All rights reserved by California under the FCA/US/CA Consent Decree and the Second California Partial Consent Decree, except as provided under this Consent Decree, including Paragraph 12 of this Consent Decree;

    c.     All claims for relief based on Defendants' violations of California Business and Professions Code §§ 17200, 17500, and 17580.5 as alleged in California's Complaint, including civil penalties, injunctive relief, and relief to consumers (including without limitation claims for restitution), which claims shall be fully resolved and released upon entry of the proposed Second California Partial Consent Decree;

    d.     Cost and attorneys' fees other than those released in the FCA/US/CA Consent Decree, including as alleged in the California Complaint;

    e.     Any criminal liability;

    f.     Any part of any claims for the violations of securities laws or the California False Claims Act, California Government Code §§ 12650 *et seq.*;

    g.     Any other claims of any officer or agency of the State of California other than CARB; and

    h.     Any claims held by individual consumers.

8

15.     This Consent Decree, including the release set forth in Paragraph 12, does not modify, abrogate, or otherwise limit the injunctive and other relief to be provided by Defendants under, nor any obligation of any party or person under, the FCA/US/CA Consent Decree.

16.     By entering into this Consent Decree, California is not enforcing the laws of other countries, including the emissions laws or regulations of any jurisdiction outside the United States.  Nothing in this Consent Decree is intended to apply to, or affect, Defendants' obligations under the laws or regulations of any jurisdiction outside the United States.  At the same time, the laws and regulations of other countries shall not affect Defendants' obligations under this Consent Decree.

17.     This Consent Decree shall not be construed to limit the rights of California to obtain penalties or injunctive relief, except as specifically provided in Paragraph 12.  California further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at any of Defendants' facilities, or posed by the Subject Vehicles, whether related to the violations addressed in this Consent Decree or otherwise.

18.     In any subsequent judicial proceeding initiated by California for injunctive relief, civil penalties, or other relief, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by California in the subsequent proceeding were or should have been brought in the instant case, except with respect to the claims that have been specifically released pursuant to Paragraph 12.

19.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Defendants are each responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. California does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' compliance with any aspect of this Consent Decree will result in

9

compliance with provisions of the Clean Air Act, or with any other provisions of United States, State, or local laws, regulations, or permits.

20.     Nothing in this Consent Decree releases any private rights of action asserted by entities or persons not releasing claims under this Consent Decree, nor does this Consent Decree limit any defense available to Defendants in any such action.

21.     This Consent Decree does not limit or affect the rights of Defendants or of California against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendants, except as otherwise provided by law.

22.     Except for any person or entity released by Paragraph 12, this Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not a party to this Consent Decree.  No such third party shall be entitled to enforce any aspect of this Consent Decree or claim any legal or equitable injury for a violation of this Consent Decree.

23.     Nothing in this Consent Decree shall be construed as a waiver or limitation of any defense or cause of action otherwise available to Defendants in any action.  This Agreement is made without trial or adjudication of any issue of fact or law, without any admission of fact or law, and without any finding of liability of any kind.

## VI.     NOTICES

24.     Except as specified elsewhere in this Consent Decree, whenever any notification, or other communication is required by this Consent Decree, or whenever any communication is required in any action or proceeding related to or bearing upon this Consent Decree or the rights or obligations thereunder, it shall be made in writing (except that if any attachment is voluminous, it shall be provided on a disk, hard drive, or other equivalent successor technology), and shall be addressed as follows:

| | |
|---|---|
| As to California: | CARB and California Attorney General at the email and mail addresses below, as applicable |
| As to CARB by email: | ellen.peter@arb.ca.gov |

10

| | | |
|---|---|---|
| 1 | As to CARB by mail: | Chief Counsel |
| 2 | | California Air Resources Board Legal Office 1001 I Street |
| 3 | | Sacramento, CA 95814 |
| 4 | As to the California Attorney General by email: | judith.fiorentini@doj.ca.gov jon.worm@doj.ca.gov |
| 5 | | laurel.carnes@doj.ca.gov |
| 6 | | |
| 7 | As to California Attorney General by mail: | Judith Fiorentini Supervising Deputy Attorney General Consumer Law Section |
| 8 | | California Department of Justice 600 West Broadway, Suite 1800 |
| 9 | | San Diego, CA 92101 |
| 10 | | Senior Assistant Attorney General Natural Resources Section |
| 11 | | Office of the Attorney General P.O. Box 944255 |
| 12 | | Sacramento, CA 94244-2550 |
| 13 | As to one or more of the Defendants by email: | Robert J. Giuffra, Jr. |
| 14 | | Scott D. Miller Granta Nakayama |
| 15 | | Joseph A. Eisert |
| 16 | | giuffrar@sullcrom.com millersc@sullcrom.com |
| 17 | | gnakayama@kslaw.com jeisert@kslaw.com |
| 18 | As to one or more of the | |
| 19 | Defendants by mail: | Robert J. Giuffra, Jr. Scott D. Miller |
| 20 | | Sullivan & Cromwell LLP 125 Broad Street |
| 21 | | New York, New York 10004 |
| 22 | | Granta Y. Nakayama Joseph A. Eisert |
| 23 | | King & Spalding LLP 1700 Pennsylvania Ave., N.W., Suite 200 |
| 24 | | Washington, DC 20006 |
| 25 | | |

26    25.    Any party may, by written notice to the other parties, change its designated notice

27 recipient or notice address provided above.

28

## VII.      EFFECTIVE DATE

26.     The Effective Date of this Consent Decree shall be deemed to be the Effective Date of the FCA/US/CA Consent Decree.  If the Effective Date of the FCA/US/CA Consent Decree occurs before this Consent Decree is entered or the Court grants a motion to enter this Consent Decree, the Parties shall have no obligations under this Consent Decree until it is entered or the Court grants a motion to enter this Consent Decree.

## VIII.      RETENTION OF JURISDICTION

27.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## IX.      SIGNATORIES/SERVICE

28.     Each undersigned representative of Defendants and California certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.  The California Attorney General and CARB represent that they have the authority to execute this Consent Decree on behalf of the State of California and that, upon entry, this Consent Decree is a binding obligation enforceable against the State of California under applicable law.

29.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  For purposes of this Consent Decree, a signature page that is transmitted electronically (*e.g.*, by facsimile or e-mailed "PDF") shall have the same effect as an original.

## X.      INTEGRATION

30.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein, with the exception of the FCA/US/CA Consent Decree.  The Parties acknowledge that there are no documents, representations, inducements, agreements,

understandings or promises that constitute any part of this Consent Decree or the settlement it
represents other than those expressly contained or referenced in this Consent Decree.

## XI. MODIFICATION

31.     The terms of this Consent Decree may be modified only by a subsequent written
agreement signed by the Parties.  Where the modification constitutes a material change to this
Decree, it shall be effective only upon approval by the Court.  California will file any non-
material modifications with the Court.

## XII. TERMINATION

32.     Termination of this Consent Decree shall occur upon Defendants' submission of
the California Mitigation Payment and any stipulated penalties required under Paragraphs 8
and 9.

## XIII. FINAL JUDGMENT

33.     Upon approval and entry of this Consent Decree by the Court, this Consent
Decree shall constitute a final judgment of the Court as to California and the Defendants.  The
Court finds that there is no just reason for delay and therefore enters this judgment as a final
judgment under Fed. R. Civ. P. 54 and 58.


Dated and entered this 3rd day of ___May___, 2019.

_____
EDWARD
UNITED                                  GE
Judge Edward M. Chen

FIRST CALIFORNIA PARTIAL CONSENT DECREE

FOR THE PEOPLE OF THE STATE OF CALIFORNIA BY AND THROUGH THE
CALIFORNIA AIR RESOURCES BOARD AND XAVIER BECERRA, ATTORNEY
GENERAL OF THE STATE OF CALIFORNIA:

Jan. 9, 2019
Date

JUDITH A. FIORENTINI
Supervising Deputy Attorney General
JON F. WORM
LAUREL M. CARNES
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101

*Attorneys for Plaintiff the People of the State of California*

1

2     _1/9/2019_
      Date

3

4                                    MARY D. NICHOLS
                                     Chair
                                     California Air Resources Board
                                     1001 I Street
                                     Sacramento CA 95814

5

6     _1/9/2019_
      Date

7                                    RICHARD W. COREY
                                     Executive Officer
                                     California Air Resources Board
8                                    1001 I Street
                                     Sacramento CA 95814

9

10

11    _1/9/2019_
      Date

12                                   ELLEN M. PETER
                                     Chief Counsel
13                                   D. ARON LIVINGSTON
                                     Assistant Chief Counsel
14                                   DIANE KIYOTA
                                     Senior Attorney
15                                   California Air Resources Board
                                     1001 I Street
16                                   Sacramento CA 95814

17

18

19

20

21

22

23

24

25

26

27

28

FIRST CALIFORNIA PARTIAL CONSENT DECREE

FOR DEFENDANTS:

FOR FCA US LLC:

CHRISTOPHER J. PARDI
NAFTA General Counsel and Secretary

FOR FIAT CHRYSLER AUTOMOBILES N.V.:

GIORGIO FOSSATI
Corporate General Counsel and Secretary

FOR V.M. MOTORI S.P.A.:

GIORGIO FOSSATI
Attorney-in-Fact

FOR V.M. NORTH AMERICA, INC.:

GIORGIO FOSSATI
Attorney-in-Fact

16

FOR DEFENDANTS:

FOR FCA US LLC:

_____
CHRISTOPHER J. PARDI
NAFTA General Counsel and Secretary


FOR FIAT CHRYSLER AUTOMOBILES N.V.:

_____
GIORGIO FOSSATI
Corporate General Counsel and Secretary


FOR V.M. MOTORI S.P.A.:

_____
GIORGIO FOSSATI
Attorney-in-Fact


FOR V.M. NORTH AMERICA, INC.:

_____
GIORGIO FOSSATI
Attorney-in-Fact

FIRST CALIFORNIA PARTIAL CONSENT DECREE

COUNSEL FOR FCA US LLC, FIAT CHRYSLER AUTOMOBILES N.V., V.M. MOTORI
S.P.A., and V.M. NORTH AMERICA, INC.:

ROBERT J. GIUFFRA, JR.
SCOTT D. MILLER
DAVID M.J. REIN
C. MEGAN BRADLEY
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
giuffrar@sullcrom.com
millersc@sullcrom.com
reind@sullcrom.com
bradleyc@sullcrom.com

GRANTA Y. NAKAYAMA
JOSEPH A. EISERT
ILANA S. SALTZBART
King & Spalding LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
gnakayama@kslaw.com
jeisert@kslaw.com
isaltzbart@kslaw.com

FIRST CALIFORNIA PARTIAL CONSENT DECREE

COUNSEL FOR FCA US LLC, FIAT CHRYSLER AUTOMOBILES N.V., V.M. MOTORI
S.P.A., and V.M. NORTH AMERICA, INC.:


---

ROBERT J. GIUFFRA, JR.
SCOTT D. MILLER
DAVID M.J. REIN
C. MEGAN BRADLEY
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
giuffrar@sullcrom.com
millersc@sullcrom.com
reind@sullcrom.com
bradleyc@sullcrom.com



---

GRANTA Y. NAKAYAMA
JOSEPH A. EISERT
ILANA S. SALTZBART
King & Spalding LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
gnakayama@kslaw.com
jeisert@kslaw.com
isaltzbart@kslaw.com

FIRST CALIFORNIA PARTIAL CONSENT DECREE